STATE of Missouri, Respondent,

v.

Larry CORLEY, Appellant.

No. 41406.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 19, 1982.

fidavits for a search warrant of the residence in which defendant was subsequently arrested. The two affidavits recounted in substantially similar terms the tip of a reliable "confidential source" who had in the previous year and a half given information resulting in six arrests. These arrests had led to two convictions and two cases were still pending at the time of execution of the affidavits. In addition, the arrests had resulted in the confiscation of heroin, marijuana and firearms. According to the affidavits, the confidential source reported to have been at the residence within the last three days and had both observed and consummated heroin transactions with one "L.P." Morgan and Stolte swore that "L.P." was the defendant, and that during surveillance they had observed an "inordinate amount of pedestrian and vehicular traffic" around the house. According to the source, heroin was to be found in the upstairs bedroom of the abode. The affidavits in the case at hand communicated that the source's information was grounded upon recent personal observations and that the source had in the past afforded correct information to the police. Therefore, the application for the search warrant stated facts sufficient to show probable cause. The seized heroin was properly admitted in evidence. Section 542.276; *State v. Rohrer*, 589 S.W.2d 121, 122–126 (Mo.App.1979). *See also, United States v. Brinkley*, 623 F.2d 533, 534 (8th Cir. 1980) and *United States v. Skramstad*, 649 F.2d 1259, 1262 (8th Cir. 1981).

Robert Ramsey, Joseph W. Downey, St. Louis, for appellant.

George A. Peach, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals his conviction by jury of possession of heroin, §§ 195.020 and 195.-017, RSMo. 1978. He was sentenced to one year in the Workhouse of the City of St. Louis, Missouri pursuant to § 195.200. We affirm.

■ We first deal with defendant's assertion that the trial court erred in failing to suppress evidence seized under the authority of a search warrant allegedly issued without a showing of probable cause. Detectives Morgan and Stolte each signed af-

■ Defendant further claims error by the trial court in overruling his motion for judgment of acquittal at the close of all the evidence because the circumstances surrounding defendant's joint control of the premises failed to establish that he had control, and therefore, possession of the heroin. In analyzing the sufficiency of the evidence by motion for judgment of acquittal, facts and appropriate inferences intelligently drawn therefrom must be assessed in the light most favorable to the state, and all adverse inferences and evidence must be ignored. Review is circumscribed to wheth-

er the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude defendant to be guilty. *State v. Moon*, 602 S.W.2d 828, 831 (Mo.App.1980).

The evidence favorable to the state showed that Morgan and Stolte placed the residence in question under surveillance and saw either defendant or his automobile on nearly all of the occasions when surveillance was conducted. Police officers executed the warrant on June 23, 1977 at the residence in question. They announced themselves, and receiving no response, forced open the front door. Once inside the home, the officers climbed the stairway to the bedroom at the top of the stairs. In the bedroom, the officers discovered defendant in a seated position on the bed and to defendant's immediate right, a blue steel revolver. Beside the bed was a chair containing a plate with a quantity of a brown powdered substance (heroin), a tin foil packet with heroin and two measuring spoons. On top of the dresser in the room, the officers recovered ten plastic hypodermic syringes, a small cellophane bag of marijuana, a pipe with marijuana inside the bowl and a roach clip.

In another bedroom they found the owner of the residence and his son, but no more drugs or paraphernalia was found upstairs. Downstairs in the kitchen the search uncovered 13 gelatin capsules, 4 containing heroin and 9 being "dormant," used to reduce the purity of the heroin.

Morgan accompanied defendant back upstairs so that he could dress. There was men's clothing in the room where he had been arrested. There was also women's clothing in the room where defendant was apparently living with Melanie Walton.

The evidence was sufficient to show that defendant had control and possession of the heroin seized. Actual physical possession is not required, for proof may be had by circumstantial evidence. *State v. Jackson*, 576 S.W.2d 756, 757 (Mo.App.1979). The presence of the heroin on a chair near the bed where defendant was lying was sufficient to demonstrate that he was in possession and had control of the heroin. Further evidence of drug transactions from the house where defendant lived with Melanie Walton (who used heroin); the inference that therefore defendant had familiarity with the drug and knew its nature; and evidence that no one else was in the bedroom when the officers arrived was sufficient to make a submissible case. *State v. Trice*, 575 S.W.2d 739, 741 (Mo.App.1978). A jury may believe or disbelieve all, part or none of the evidence presented, including that introduced by defendant. *State v. Moon, supra.* The jury was perfectly free to find defendant guilty on the evidence presented.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.