STATE of Missouri,
Plaintiff–Respondent,

v.

Leroy DAVIS, Defendant–Appellant.

No. 52884.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied
July 26, 1988.

**26**

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Daniel J. Gralike, Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant Davis appeals from the judgment of the trial court entered on a jury verdict convicting defendant of two counts of receiving stolen property valued over $150.00, in violation of § 570.080, RSMo 1979 and one count of receiving stolen property valued less than $150.00, in violation of § 570.080, RSMo 1979. The trial court sentenced defendant to one year imprisonment on Count I, a consecutive term of one year imprisonment on Count II, a concurrent term of six months imprisonment on Count III, and fined defendant $2,500.00 for all three counts. We affirm the trial court's judgment.

In this appeal defendant challenges the sufficiency of the evidence to support his convictions. Our first consideration when reviewing defendant's contention is to view the evidence in the light most favorable to the state, including all reasonable inferences to be drawn from the evidence, and disregard contrary evidence and inferences. *State v. Bolder,* 635 S.W.2d 673, 679 (Mo. banc 1982), *cert. denied,* 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983).

Viewed in the light most favorable to the state, the evidence presented at trial disclosed the following facts. Police officers Gomez and Templeton of St. Louis County Special Investigations Anti–Fence–Unit received information from a confidential informant disclosing defendant's purchases of stolen goods. Using St. Louis County funds in the amount of $93.51, Detective Templeton purchased approximately twenty cartons of cigarettes.

On February 6, 1986, Detective Templeton and the confidential informant offered to sell the cigarettes to defendant at his convenience store for a price substantially below its retail value. At the time, they represented the cigarettes as stolen goods. Defendant purchased ten cartons at the price of $3.00 per carton.

On the following day, February 7, 1986, Detective Templeton again offered to sell more cigarettes to defendant at his store. This time defendant purchased eleven cartons of cigarettes at the price of $3.00 per carton. Defendant also purchased from the detective liquor which was represented as being stolen goods. The detective paid $64.11 for the liquor, but sold the liquor to defendant for $17.00.

Each of the sale transactions on February 6 and 7, 1986 between defendant and Detective Templeton, was tape recorded by Detective Gomez. Detective Templeton was wired with a recording device, and Detective Gomez recorded the conversations during each of the transactions. In

both transactions the cigarettes and liquor were represented as being stolen goods, defendant paid cash for the goods, and he took possession of the goods.

At trial, the court played for the jury the tape recorded conversations between Detective Templeton and defendant. Defendant's defense was an alibi. He testified he did not purchase the goods. The jury found defendant guilty as charged on all three counts. Defendant appeals.

Defendant in his sole point on appeal contends the trial court erred by overruling his motion for a directed verdict of acquittal at the close of the state's case, because he argues although he believed the goods to be stolen, there was no evidence the goods were "that of another." As a result, he claims the state failed to meet all of the elements of § 570.080, RSMo 1979, and therefore, the evidence was insufficient to support his convictions of receiving stolen property.

When a defendant introduces evidence in his own behalf after the motion for judgment of acquittal at the close of the state's case is denied, as in the case at bar, the defendant waives any error with respect to the denial of the motion. *State v. Campbell*, 655 S.W.2d 96, 97 (Mo.App.1983). As a result of defendant presenting evidence in his own behalf, our scope of review of the trial court's denial of defendant's motion for judgment of acquittal is to consider all the evidence in the light most favorable to the state, together with all substantial evidence and all reasonable inferences therefrom, in support of the verdict. *Id.* We only consider whether the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence. *State v. Manning*, 612 S.W.2d 823, 825 (Mo.App.1981). All evidence and inferences unfavorable to the state are to be disregarded. *Id.*

■ As noted above, defendant's principal contention is a question of statutory construction. Defendant contends the state failed to submit evidence showing the goods were "that of another" thereby caus-

ing the evidence to be insufficient to support his convictions of receiving stolen property. Defendant questions whether property can be "that of another" when an undercover officer plays the role of a thief and offers to sell the property to another even though he is the constructive legal owner.

■ Unlike the old statutory section, a conviction for receiving stolen goods under § 570.080, RSMo 1979, does not require that the goods be stolen. Section 570.080 "has been markedly broadened to include not only property that has in fact been stolen but also property 'of another' that has *not* been stolen but which the accused 'believes' to have been stolen." *State v. Sweeney*, 701 S.W.2d 420, 424 (Mo. banc 1985). The *Sweeney* court upheld a conviction where a detective posed as a dealer in stolen goods and in this capacity was introduced by a confidential informant to Sweeney's business partner. *Id.* at 422. During a telephone conversation with Sweeney, the detective arranged a meeting with him so that Sweeney could purchase the watch borrowed by the police from a watch dealer in this undercover operation. The goods in *Sweeney* constituted goods "of another" in that the police borrowed the watch from the watch dealer. In the case at bar, the cigarettes and liquor had been purchased with St. Louis County funds, and therefore, was the property of the county, a governmental subdivision. This in effect satisfied the statutory requirement that the goods be property "of another." Section 570.-010(9), RSMo 1986, defines "of another." It states "property or services is that 'of another' if any natural person, corporation, partnership, association, governmental subdivision or instrumentality, other than the actor, has a possessory or proprietary interest therein...." The Missouri Approved Criminal Instructions' definition of the property "of another" substitutes the word "defendant" for "actor." Thus, the property "of another" requirement is satisfied. MAI–CR3d No. 333.00.[1]

---

1. The definition "of another" is as follows:

"[*As used in Chapter 570*] property or services is that of another if any natural person, corpo-

The evidence in this case clearly supports the finding defendant intended to deprive the owner of his lawful interest in the property which he purchased and possessed. Mere possession of goods of another, coupled with defendant's belief that the goods are stolen, is sufficient to make a submissible case of receiving stolen property under § 570.080. When defendant purchased the cigarettes and liquor, he believed the goods to be stolen. The detective represented the goods as being stolen to defendant, and defendant purchased the goods "for a consideration which he knew was far below its reasonable value." § 570.080.2(2). The evidence of defendant acquiring the goods for a price far below the property's reasonable value shows defendant's knowledge or belief that the property was stolen. Moreover, defendant indicated his willingness to purchase additional liquor and other items such as meat for use in another business he intended to open.

Defendant's reliance on *State v. Davis*, 607 S.W.2d 149 (Mo. banc 1980), for the proposition that the phrase "of another" "must be construed to mean that the property belongs to someone other than the participants to the immediate transaction," is misplaced. The situation in *Davis* concerns a conviction under the old statutory section of receiving stolen property. § 560.270, RSMo 1969. Under the old statute the court overturned defendant's conviction because the state "failed to make a submissible case of receiving stolen property by neglecting to show that appellant received the stolen property from another with an intent to defraud." *Id.* at 152. In *Davis*, unlike the case at bar, there was no evidence submitted showing defendant received the goods from anyone, but only evidence showing he possessed the goods in question. The case before us is distinguishable factually because defendant received the believed stolen goods from another, and he retained possession of these goods. More importantly, this case comes within the statutory definition of receiving stolen property as delineated in § 570.080.

Finding defendant's contention to be without merit, we affirm his convictions.

STEPHAN, P.J., and PUDLOWSKI, J., concur.

ration, partnership, association, governmental subdivision, or instrumentality, *other than the*

*defendant,* has a possessory or proprietary interest therein...." MAI–CR3d No. 333.00.