**STATE of Missouri,
Plaintiff–Respondent,**

**v.**

**George SPILLER, Defendant–Appellant.**

**Nos. 54038, 55770.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

David C. Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Movant was found guilty of assault in the first degree, a Class B felony, on October 15, 1987. On November 20, 1987, movant was formally sentenced to a term of ten years imprisonment in the Missouri department of Corrections and Human Resources. Movant's notice of appeal was filed on November 27, 1987. Thereafter, on June 11, 1988, movant field a *pro se* motion pursuant to Missouri Supreme Court Rule 29.15. After a hearing, the

motion court denied movant's contentions, as presented in his 29.15 motions. Movant's direct appeal and his post-conviction appeal were consolidated by order of this court on November 23, 1988. This appeal follows.

Movant raises four points. In his direct appeal, movant raises one point. Movant's three other points all raise post-conviction issues. We affirm the judgments of both the trial and motion courts.

■■■ When reviewing the sufficiency of the evidence to support a criminal conviction, we must view the evidence in the light most favorable to the state giving the state the benefit of all reasonable inferences to be drawn from the evidence and must disregard any contrary evidence and inferences. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987). In testing the sufficiency of the evidence, review is limited to whether a submissible case was presented to the jury. *State v. Gobble*, 675 S.W.2d 944, 946 (Mo.App.1984).

In his first point, movant contends that the trial court erred in denying movant's motion for judgment of acquittal at the close of all evidence because the circumstantial evidence regarding movant's intent was not sufficient to sustain a conviction for assault in the first degree.

■■ In this case, the state provided direct evidence of the fact that movant had hit the victim with his fist and had thrown a 40–ounce beer bottle at the victim's head. From the testimony in the case, it is clear that movant attempted to cause serious physical injury to Ronell Landers. Movant hit the victim with a closed fist at least twice while the victim was seated in the McKinley Grammar School parking lot. After the victim stood up, movant continued to punch the victim approximately twenty or thirty more times. Finally, movant threw a beer bottle at the victim's head. The beer bottle grazed the victim's eye.

In light of these facts, we deny movant's first point because the evidence presented at trial was clearly sufficient to establish that movant had the intent to attempt to cause serious physical injury to the victim.

In his second point movant presents three claims of alleged ineffective assistance of counsel. Specifically, movant asserts that defense counsel failed to produce evidence regarding victim's paranoid schizophrenea to impeach his credibility by:

a) failing to produce a psychiatrist to explain victim's mental disorder to the jury and explain the effects of the ailment on a person's perceptions;

b) failing to establish victim's deposition testimony that the medication he was receiving at the time of the incident was not effective; and

c) failing to establish the inconsistent deposition statements victim denied at trial regarding the medication he was supposed to take for his ailment.

■■ Appellate review of a denial of post-conviction relief sought in a motion to vacate a conviction pursuant to Rule 29.15 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j), *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■■ At the evidentiary hearing, defense counsel gave a viable rationale for his actions. Counsel stated:

I did not want to create any type of sympathy for Ronell Landers. From the deposition[,] he came off as a pathetic individual. One that I thought[,] without question[,] could very easily evoke sympathy from a jury.

This court is well settled on the rules regarding the strategies of trial counsel. The general rule is that the extent of cross-examination and the subjects covered must, in virtually every case, be left to the judgment of counsel. *Atkins v. State*, 741 S.W.2d 729, 731 (Mo.App.1987). Also, the choice of witnesses and defense tactics are

matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Jackson v. State*, 729 S.W.2d 253, 255 (Mo.App.1987).

After reviewing the entire record of this case, we are not left with a definite and firm impression that a mistake has been made. Movant's second point is denied.

Movant's next point alleges that trial counsel was ineffective in failing to present evidence of a long-standing hostility that the police officer who testified at trial had towards movant.

Movant's mother testified at the evidentiary hearing that she had encountered Officer Herbert Jackson on previous occasions, including incidents before the occurrence at trial. She testified that she had filed formal and informal complaints against Officer Jackson relating to what she considered the officer's harassment of her son. Movant's mother testified that she relayed this information to trial counsel. She stated that she asked the attorney why he did not use the information during trial and that the attorney responded that he did not think it would be beneficial.

At the evidentiary hearing trial counsel testified that he was aware that movant claimed to have been the victim of a grudge held by Officer Jackson. However, counsel presented three reasons why it would be in movant's best interest not to expose the jury to what appellant claimed.

Counsel testified that he decided questioning the officer about past dealings with the movant would cast his client in a bad light and may have brought suspicions of prior convictions of movant to the jury's attention. Counsel also stated that he did not think Officer Jackson's testimony was very beneficial to the state.

We have discussed the points of law governing the review of a motion court's denial of post-conviction relief earlier in this opinion. After a review of the entire record, we determine that the findings and conclusions of the motion court are not clearly erroneous. Movant's third point is denied.

In his final point movant claims that trial counsel was ineffective for failing to investigate and call to the stand Donald Hayes, an acquaintance of movant's. Movant alleges that Donald Hayes could have testified to statements victim made in movant's presence that movant did not start the fight and that victim's mother and Officer Jackson had pressured victim into seeking charges against movant.

The record before this court indicates that defense counsel testified at the evidentiary hearing that he was not given the name of Donald Hayes until after the jury had reached a verdict in movant's trial.

We find that the trial judge was not clearly erroneous in ruling that prior to trial movant did not provide trial attorney with the name of Donald Hayes despite movant's testimony to the contrary. Movant's fourth point is denied.

We affirm the judgments of both the trial court and motion court.

CRANDALL and KAROHL, JJ., concur.