STATE of Missouri, Plaintiff–Respondent,

v.

Anthony L. JACKSON, Defendant–Appellant.

No. 55807.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied Feb. 13, 1990.

Scott Everett Walter, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Defendant was convicted, after a jury trial, of two counts of burglary second degree and two counts of stealing. He was sentenced to imprisonment for 15 years. On appeal, defendant claims the trial court erred in (1) denying his motion for a continuance or for a mistrial and (2) denying his motion for judgment of acquittal at the close of the State's case. We affirm.

Defendant first claims the trial court erred in denying his motion for a continuance or for a mistrial because of the State's violation of Rule 25.03(A)(9). That rule requires the State to disclose to a criminal defendant, upon written request, "Any material or information, within the possession or control of the state, which tends to negate the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment."

Defendant asserted an alibi defense. At trial, defendant's single alibi witness, Mary Beadle, testified that she had made a written statement to the police. Neither counsel for the State or counsel for defendant knew of the statement before this testimony. The trial judge allowed counsel for defendant to read the statement and interview the officer who took the statement. The statement said that Beadle knew defendant was at her house from 8:00—9:15 or 9:30 p.m. on February 20, 1988. Defense counsel had already said in his opening statement that he expected Beadle's testimony to include this assertion.

Assuming, arguendo, a violation of Rule 25.03(A)(9), there was simply no prejudice to defendant. The State cannot be faulted for nondisclosure if the defendant has knowledge of such evidence. *State v. Parry*, 684 S.W.2d 441, 445 (Mo.App.1984). The trial court did not abuse its discretion in refusing to impose sanctions. Defendant's first point is denied.

In his second point, defendant claims the trial court erred in denying his motion for judgment of acquittal at the close of the State's case or in the alternative defendant's motion for new trial. After his motion was overruled, defendant introduced evidence on his own behalf, thereby waiving any claim of error on the ruling. *State v. Dusso*, 760 S.W.2d 546, 547 (Mo.App.1988). Defendant failed to file a motion for judgment of acquittal at the close of all the evidence. Therefore, defendant's claim of trial court error in regard to either motion is not properly before this court. *State v. Manning*, 612 S.W.2d 823 (Mo.App.1981).

We have reviewed the record *ex gratia* and find that the evidence in this case was sufficient to support defendant's convictions. Defendant's second point is denied.

Judgment affirmed.