STATE of Missouri, Plaintiff–Respondent,

v.

William Scott SOURS, Defendant–Appellant.

William Scott SOURS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19719, 21147.

Missouri Court of Appeals,
Southern District,
Division One.

May 27, 1997.

Rosalynn Koch, Asst. Public Defender, Columbia, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

GARRISON, Judge.

William Scott Sours (Appellant) appeals his jury conviction for possession of a controlled substance with intent to distribute, pursuant to § 195.211, RSMo. Supp.1990, for which he received a sentence of thirty years imprisonment as a prior and persistent offender. He also appeals the denial of his Rule 29.15 motion for postconviction relief.

On his direct appeal from the conviction (Case No. 19719), Appellant claims that the trial court erred in (1) failing to submit a verdict form on the charge of possession of a controlled substance; (2) overruling objections to questions posed by the prosecutor; and (3) overruling his motion for judgment of acquittal. On his appeal from the denial of his motion for postconviction relief (Case No. 21147), Appellant contends that his trial counsel was ineffective by failing to object to a portion of the State's closing argument. We affirm.

On October 28, 1993, Craig Ball, a Joplin, Missouri police officer working undercover, and informant Mike Weir arranged to buy one-eighth ounce of methamphetamine from Jeanette Keller for $300 and a set of electronic scales that measured in grams. According to Ball, they were to make the purchase at "her trailer." When Weir went to the front door it was answered by Appellant who acceded to Weir's request that Ball also be permitted to enter. When they went in, Weir handed the scales to Appellant, who took them to a back bedroom and closed the door. Apparently, Keller did not come out of the back bedroom for some period of time which prompted a request that Appellant tell her to hurry up. The evidence indicates that he did so. When she came out, Ball talked with Appellant while Weir bought the drugs from Keller. In response to Ball's comment about the trailer being in a wooded area and hard to find, Appellant said that he selected the location because it was out of the way,

was at the end of the road, and that he could see people as they approached the trailer. Appellant also went to the window, looked out, and then locked the door to the trailer.

Weir, wearing a transmitter monitored by other officers in the area, was to signal that the transaction was complete by asking to use the restroom. When he did so and entered the restroom, Appellant, along with Keller and two other females, went to the back bedroom and closed the door. The other officers entered the trailer and arrested Appellant and the others in the bedroom where they found the money Weir had delivered to Keller. They also found a mirror and the scales Weir had delivered in the adjoining bathroom. Both had methamphetamine on them.

In his first point on appeal, Appellant contends that reversible error was committed by failing to provide the jury with a verdict form permitting them to find him guilty of possession of a controlled substance, although it was submitted in a verdict directing instruction. The jury was furnished with a verdict form permitting them to find Appellant guilty of possession of a controlled substance with intent to distribute, and a form permitting them to find him "not guilty," but none by which they could find him guilty of the lesser charge. He argues that this was a violation of Note 11 of the Notes on Use for MAI–CR 3d 304.40.[1]

Note 11 provides, in pertinent part:

In preparation of all verdict forms using MAI–CR 3d 304.40, the following rules must be followed:

(a) There shall be verdict forms for each verdict directing instruction.

. . . .

(e) A complete set of verdict forms consists of one guilty verdict form for each verdict directing instruction but only one not guilty verdict form for each count.

. . . .

(i) The verdict should specify the offense of which a defendant is found guilty. Therefore, the Court must submit sufficient verdict forms to cover each lesser included offense submitted as to each count affecting each defendant.

◼ The Notes on Use were not followed, in that there was no verdict form providing for a guilty verdict on the submission for possession of a controlled substance. Any deviation from the Notes on Use is error, with its prejudicial effect to be judicially determined. Rule 28.02(f); *State v. Hooper,* 801 S.W.2d 717, 720 (Mo.App. S.D.1990). Error alone, however, is not sufficient to require a reversal and remand. *State v. Stoer,* 862 S.W.2d 348, 351 (Mo.App. S.D. 1993). "There must be a showing of prejudice to the appellant as a result of the error before there are grounds to upset the verdict." *Id.* "Prejudice," as that term is used in connection with erroneous jury instructions, is the potential for misleading or confusing the jury. *Id.*

◼ In this case, Appellant did not object to the omission prior to the submission of the case being submitted to the jury, but did make the omission known after the verdict was announced and raised it as a ground for relief in his motion for new trial. When this case was tried, raising the issue in the motion for new trial was sufficient to preserve it for appeal. "Nonetheless, the cases are clear that a failure to object before submission is a factor we can properly consider in determining whether reversible error occurred." *State v. Clark,* 925 S.W.2d 872, 876 (Mo.App. W.D.1996).

◼ We have concluded that the failure to provide a verdict form on the submitted charge of possession was error, but was not prejudicial and does not require a reversal and remand. The verdict directing instruction for possession told the jury: "If you do not find the defendant guilty of possession of a controlled substance with the intent to distribute as submitted in Instruction No. 5, you must consider whether he is guilty of possession of a controlled substance under this instruction." Therefore, the jury was told that it could consider the possession

---

**1.** The verdict forms which were used followed the form contained in MAI–CR 3d 304.44 because punishment was not submitted to the jury.

Note 4 to 304.44 directs that Notes on Use 11 to MAI–CR 3d 304.40 be followed in preparing such verdict forms.

submission if it did not find Appellant guilty of possession with intent to distribute. Under these instructions, the only way the jury could have considered Appellant's guilt on the lesser charge would have been after failing to find him guilty of possession with intent to distribute. Here, however, the jury found Appellant guilty of the latter, and never reached the former for consideration. As indicated, Appellant's trial counsel failed to object to the omission prior to the case being submitted to the jury. He did make a record concerning the omission immediately after the jury was discharged, but did not contend that it was error.

Under these facts, we are not persuaded that there was prejudice to Appellant. This point is denied.

■ Appellant's second point is based on the fact that the trial court overruled his counsel's objection to questions by the State in which the trailer was referred to as "Mr. Sours'." He contends that such references had no basis in the record, were contrary to the evidence, and permitted the jury to infer that the drugs found in the trailer were also his. He refers to one instance when Officer Ball was asked if Weir was searched before they "went out there to that residence of Mr. Sours," to which Appellant objected to the prosecutor referring to the residence as "Mr. Sours'," because the evidence was that it was the residence of Ms. Keller. He also said, "object to the form." His objection was overruled after the prosecutor reminded the court of Ball's testimony that Appellant said that he was the one who selected the trailer and its location. The second incident occurred when the prosecutor asked a witness whether he was involved in the operation at "Route 6, Box 346, Joplin, Mr. Sours' residence." Appellant's counsel objected "to him classifying it as Mr. Sours' residence." This was also overruled.

No issue is raised about the sufficiency of the objection "to the form." [2] The essence of Appellant's objections to these questions was his contention that the evidence demonstrated that the trailer was Ms. Keller's residence

rather than his. The only evidence to which we are directed in support of that contention was the unresponsive answer of Officer Ball that they were going to drive out to "her" (referring to Ms. Keller's) trailer to make the buy. There was also evidence, however, that Appellant opened the door and invited Weir and Ball in, said that he selected the place, and locked the front door while talking to Ball.

■ The form of examination of a witness is a matter committed to the discretion of the court. *State v. Clark*, 693 S.W.2d 137, 142 (Mo.App. E.D.1985). Under the circumstances and testimony in the record here, we are unable to conclude that the court erred to Appellant's prejudice as alleged in this point. It is, therefore, denied.

In his third point, Appellant contends that the trial court erred in overruling his motion for judgment of acquittal because there was no evidence which identified him as participating in the drug transaction or possessing a controlled substance. In support, he argues that while "Scott Sours" was referred to in the testimony, there was no evidence that he was, in fact, the Scott Sours referred to by the witnesses.

■ At the close of the State's case, Appellant made an oral motion for judgment of acquittal in which he argued that under the evidence, constructive or actual possession of the drugs had not been proven beyond a reasonable doubt. He did not contend that there was a deficiency in the evidence concerning his identification. Additionally, after Appellant's oral motion was overruled, he introduced two exhibits and then rested. By introducing evidence in his own defense, Appellant waived any claim of error relating to the denial of his motion at the close of the State's case. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo.banc 1992). Appellant did not file a motion for judgment of acquittal at the close of all of the evidence. Under these circumstances, a claim of error relating to a motion for a judgment of acquittal is not before the appellate court for review. *State*

---

2. *See Parry v. Staddon*, 769 S.W.2d 811, 814 (Mo.App. E.D.1989), where the court said that an objection merely to the form of the question violates the rule that an objection must be specific and contain the proper ground for its exclusion.

*v. Jackson*, 780 S.W.2d 114, 115 (Mo.App. E.D.1989). Appellant obviously recognizes this fact by contending that the trial court "plainly erred" in denying his motion. We assume that this is a request for plain error review.

Plain errors affecting substantial rights may be considered in the discretion of the court when it finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20. Plain error is not to be routinely invoked, however, and is limited to circumstances in which there is a strong, clear showing of manifest injustice, an issue upon which a defendant carries the burden. *State v. Reichert*, 854 S.W.2d 584, 591 (Mo. App. S.D.1993).

In the instant case, the person who was the subject of the evidence was consistently referred to as "Mr. Sours" or "Scott Sours." Appellant's counsel identified his client as "the defendant, Scott Sours", in his opening statement, and admitted that he was present in the trailer during the transactions between Weir and Keller. One of the officers who entered the trailer on Weir's signal was asked if there was anyone in the courtroom who he found in the bedroom of the trailer. He said, "[y]es. I recognize Mr. Sours." In his closing argument, Appellant's counsel said that there was no evidence that Appellant owned the trailer, and then said, "[i]f they mean was he there, well, obviously, he was there. Nobody's going to dream of denying that."

Under these circumstances, we find no plain error. Point three is denied.

Appellant's fourth point on appeal is also premised on the overruling of his motion for judgment of acquittal. In this point, he contends that the evidence was insufficient to support a conviction for possession of a controlled substance with intent to distribute because the evidence failed to establish, beyond a reasonable doubt, that he had knowing possession of the drugs found in the trailer and delivered to Weir. As discussed with reference to point three, however, no claim of error premised on the denial of a motion for judgment of acquittal was preserved for our review. Appellant recognizes this deficiency and requests a plain error review.

In this case, it is the element of possession which Appellant contends was not proven. "To sustain a conviction for possession of a controlled substance, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. Both possession and knowledge may be proved by circumstantial evidence." *State v. Purlee*, 839 S.W.2d at 587.

If, as in this case, there is no proof of actual possession by the defendant, constructive possession may be shown when other facts buttress an inference of the defendant's knowledge of the presence of the controlled substance. *Id.* at 588. Proof of constructive possession requires, at a minimum, evidence that the defendant had access to and control over the premises where the substance was found. *Id.* Where exclusive control of the premises is not shown, but rather there is evidence of joint control, some further evidence or admission connecting the defendant with the drugs is required. *Id.* "Such additional evidence showing conscious possession of contraband by a person in joint control of the premises include: *routine access to an area where controlled substances are found; the presence of large quantities of the substances at the scene where the accused is arrested; conduct and statement made by the accused, . . . and a mixture of defendant's personal belongings with the substance.*" *State v. Buford*, 907 S.W.2d 316, 318 (Mo.App. E.D.1995).

In the instant case, Appellant concedes in his brief that there was some evidence that he jointly controlled the trailer. There was evidence that Appellant routinely had access to the trailer where Weir purchased the methamphetamine and more of the drug was found. He said that he selected the place, he answered the front door, he agreed with Weir's request that Officer Ball be permitted to enter, and he locked the front door after they were in. Appellant also accepted the scale from Weir which was part of the price for the drugs, he delivered it to the bedroom

where Keller was apparently located, and the evidence could be construed as indicating that the scale was then used to weigh the methamphetamine sold to Weir. There was also evidence that, at Weir's request, Appellant went to the back bedroom to tell Keller to hurry up. After the purchase from Keller was completed, Appellant went to the back bedroom with Keller where the door was closed. The money used in making the purchase was on the bed in the bedroom where Appellant was found when officers entered the trailer. This evidence was sufficient to support a determination that Appellant had an awareness of the presence and nature of the drugs, and that he constructively possessed them.

Under these facts, we find no plain error. Point four is denied.

■ Appellant's fifth and final point relied on is based on the denial of his Rule 29.15 motion, in which he sought post-conviction relief because of the alleged ineffectiveness of his trial counsel. He asserts that his trial counsel was ineffective by failing to object to the State's closing argument that the trailer belonged to him.

Appellate review of the denial of a Rule 29.15 motion is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). Findings and conclusions are clearly erroneous only if a review of the entire record leaves us with the definite and firm impression that a mistake was made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo.banc 1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: first, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

The State made the following statements in closing argument. The italicized portions are those which Appellant contends his trial counsel should have objected to.

*There was a drug transaction arranged with Jeanette Keller at Mr. Sours' house. We have not heard any evidence, not one single shred of evidence here today, ladies and gentlemen, that would support any other belief than that was Mr. Sours' house.*

What did they do? They get there with the scales. They're met at the door. They have to get Mr. Sours' permission in order to let Craig Ball, that undercover police officer, come in.

*I submit to you, don't you typically answer the front door of your house? Absolutely. Positively.*

He knew they were coming. No question about that. What's he do? He takes the scales and takes them back to the back bedroom and then comes back out. That's where Ms. Keller was at. And some comment's (sic) made at some point, "What's taking her so long?"

He says, "Don't worry about it."

After the officers get in, what's he do? He looks out the window, and then he locks the door. Is he afraid of getting busted? You bet he is. No doubt about that at all.

. . . .

*It's his house, ladies and gentlemen. He knows what's going on.* Remember this, remember the testimony? He said the reason he picked that spot, because it was out in the woods, back away from everything. . . .

In its findings of fact and conclusions of law, the motion court concluded that even if the argument complained of was objectionable, it was not of such nature that Appellant was denied his right to a fair trial. It also cited *State v. Kennedy*, 842 S.W.2d 937, 946 (Mo.App. S.D.1992), where this court held:

Considering the totality of the evidence, the trial court's findings on the "closing

argument" issues are not clearly erroneous. The mere failure to make objection to closing arguments does not constitute ineffective assistance of counsel ... To justify post-conviction relief the failure to object must have been of such character as to deprive the movant substantially of his right to a fair trial.

The prosecutor has a right to state conclusions in argument which can be fairly drawn from the evidence. *State v. Thomas*, 820 S.W.2d 538, 543 (Mo.App. W.D.1991). As the court concluded in *Kennedy*, under the circumstances of this case, Appellant has not demonstrated that the failure to object, about which he complains, deprived him of his right to a fair trial. The motion court was not clearly erroneous in denying Appellant relief on his claim of ineffective assistance of counsel. The fifth point is denied.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.