**STATE of Missouri, Plaintiff–Respondent,**

v.

**Doyle FOULKS, Defendant–Appellant.**

**No. 24291.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2002.

Daniel T. Moore and John M. Albright, Poplar Bluff, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Andrew W. Hassell, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Doyle Foulks ("Defendant") was charged, as a prior offender, with one count of attempt to manufacture methamphetamine, in violation of Section 195.211,[1] and one count of possession of a controlled substance, in violation of Section 195.202. A jury found Defendant guilty of possession of a controlled substance, and he was sentenced to seven years imprisonment. Defendant appeals.

■■■ As Defendant contests the sufficiency of the evidence supporting his conviction, appellate "review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). In applying this standard, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence to the contrary. *Id.* Viewed in this light, the evidence shows:

On January 12, 1998, the SEMO Drug Task Force executed a search warrant on a mobile home in Ripley County, Missouri.[2] Officers had seen Defendant coming and going from the home on at least

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. There was no evidence presented as to who owned the mobile home, who lived there, who paid the utilities on it, or who received mail there.

six occasions at "all hours of the day and night" during the month prior to executing the search warrant. Upon entering the home, the officers found Defendant and two other individuals in the living room. The officers apprehended and handcuffed them. They also found another individual in another part of the home, and brought him to the living room as well.

During their search of the home, the officers found a green plastic box on a dresser in the bedroom. Upon opening the box, the officers found a plastic vial, a plastic bag containing methamphetamine, U.S. currency, and Defendant's driver's license, which listed a different address than that of the mobile home. The officers also found a bag of red phosphorus on the dresser. Substances and apparatuses commonly used in the manufacture of methamphetamine, a digital scale, and bongs used to smoke drugs were also found in other areas of the home, as well as outside. Defendant became ill during the search and was allowed to go to the bedroom and lie down on the bed. When the search was completed, Defendant was arrested and taken into custody.

The trial court rejected Defendant's motion for judgment of acquittal at the close of the State's case. Defendant rested without offering any evidence. The trial court also rejected Defendant's motion for judgment of acquittal at the close of all the evidence.

In his sole point on appeal, Defendant argues that the trial court erred in denying his motion for judgment of acquittal in that the evidence was not sufficient to sustain the conviction of possession of methamphetamine. He contends that the State produced no evidence of actual possession, and that the evidence of constructive possession only showed that Defendant occasionally visited the mobile home

and that his driver's license was found in close proximity to the drugs.

Under Section 195.010(32), possession is defined as:

> [A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

In order to establish possession, the State must show (1) a conscious and intentional possession of the controlled substance, either actual or constructive, and (2) an awareness of the presence and nature of the substance. *State v. White*, 28 S.W.3d 391, 398 (Mo.App. W.D.2000). *See also State v. Sours*, 946 S.W.2d 747, 752 (Mo. App. S.D.1997). Circumstantial evidence may be used to prove both possession and awareness. *White*, 28 S.W.3d at 398.

Absent proof of actual possession, the State may establish constructive possession by proving that the defendant had access to and control over the premises where the substance was found. *State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992). Where exclusive control of the premises is not shown, some further evidence or admission connecting the defendant with the drugs is required. *Id.* Such additional evidence includes: the presence of a large quantity of the substance cou-

pled with ready access to the drugs; being in close proximity to drugs or drug paraphernalia in plain view of the police; nervousness exhibited during the search of the premises; the subject of the controversy in plain view; commingling of the controlled substance with the defendant's personal belongings; and the conduct and statements made by the accused. *See Id.* at 588–89; *State v. Morris,* 41 S.W.3d 494, 497 (Mo.App. E.D.2000); *State v. West,* 21 S.W.3d 59, 63 (Mo.App. W.D.2000); *Sours,* 946 S.W.2d at 752. The totality of the circumstances is considered in determining whether sufficient additional incriminating circumstances have been proven. *West,* 21 S.W.3d at 63.

Here, the record reveals that Defendant was not in exclusive possession of the premises. Further, officers did not find any controlled substances in Defendant's actual, physical possession. The question then becomes whether Defendant's driver's license, found in close proximity to the drugs, coupled with his presence at the scene was sufficient to demonstrate that he constructively possessed the methamphetamine.

The State argues that the commingling of Defendant's personal belongings with the drugs establishes constructive possession, and cites *State v. Johnson,* 811 S.W.2d 411 (Mo.App. E.D.1991), and *State v. Dethrow,* 674 S.W.2d 546 (Mo.App. E.D. 1984).

In *Dethrow,* a police search of the defendant's residence revealed controlled substances inside a jewelry box. 674 S.W.2d at 550. The box also contained a traffic ticket issued to the defendant, an insurance check payable to the defendant, and jewelry owned by the defendant. The defendant told the officers, "I'm the one you are looking for," and following the search, the defendant asked, "Did you find any Dilaudid? I don't think you will. I know

what I had and I didn't have any D's. I had some Upjohns and Talwin, Schedule III and IV stuff." *Id.* The court held that the commingling of the defendant's possessions in the jewelry box with the controlled substances, as well as his admission relating to the drugs, was sufficient circumstantial evidence to support the finding that the defendant possessed the controlled substance. *Id.*

In *Johnson,* police executing a search warrant found marijuana seeds, cocaine, and a letter addressed to the defendant in a dresser drawer in his bedroom. 811 S.W.2d at 414. The *Johnson* court held that under *Dethrow,* the presence of the letter alongside the drugs "alone [was] sufficient to establish defendant's control over the cocaine." *Id.* The *Johnson* court further found that defendant's routine access to the area where the controlled substances were kept, as well as his attempt to evade capture by hiding under a pile of clothes, also supported an inference of constructive possession. *Id.*

As in *Dethrow* and *Johnson,* Defendant's personal belonging, his driver's license, was found with the controlled substance, as both were found in the plastic box on the dresser. Defendant, however, argues that *Dethrow* and *Johnson* are inapplicable because, unlike those two cases, there was no showing here that the mobile home was Defendant's residence or that he had regular access to the bedroom where the methamphetamine was found. Defendant contends, rather, that his case is similar to *State v. Withrow,* 8 S.W.3d 75 (Mo. banc 1999).

In *Withrow,* the police found the defendant leaving a bedroom that contained firearms, drug-making equipment, and a locked closet with pills undergoing the first stage of methamphetamine production. 8 S.W.3d at 80–81. A letter addressed to the defendant was found in a different

location in the residence. During the time the house was under surveillance, the defendant had been seen coming and going from the residence five or six times. The *Withrow* court found that this evidence "at best, indicates that defendant was frequently present in a house in which there was an ongoing attempt to manufacture methamphetamine." *Id.* at 81. The court held that the evidence did not support a conclusion that the defendant had constructive possession over the bedroom, the closet, or their contents. *Id.*

In *Withrow*, however, the letter to the defendant was found in a place in the house separate from the bedroom where the methamphetamine was being manufactured. *Id.* at 77. In the instant case, Defendant's driver's license was found commingled in the small plastic box with the methamphetamine. *Johnson* held that the commingling of personal property with the controlled substance "alone" is sufficient to establish a defendant's control over the drugs. 811 S.W.2d at 414. *See also Morris*, 41 S.W.3d at 497; *West*, 21 S.W.3d at 63; *Sours*, 946 S.W.2d at 752; *Dethrow*, 674 S.W.2d at 550 (indicating that the commingling of a controlled substance with a defendant's personal belongings may be used to show conscious possession of contraband).

Further, neither *Johnson* nor *Dethrow* indicated that the commingling must occur at the defendant's residence. Here, the evidence showed that Defendant was present at the mobile home at the time the search warrant was executed, and that he had been seen coming and going from the home on at least six occasions at various hours of the day and night during the month prior to the search warrant's execution. The Supreme Court of Missouri has indicated, on at least two occasions, that a defendant's presence in a residence as guest or occasional visitor is sufficient to show constructive possession if additional factors are present indicating that he had control over the drugs. *See Withrow*, 8 S.W.3d at 80; *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975). As stated in *Wiley*, 522 S.W.2d at 292,

> [m]erely being a guest in the household of another would not be sufficient to sustain a conviction of possession of controlled substances. Where a person is present on premises where drugs are found but does not have exclusive use or possession of the premises, it may not be inferred that he had knowledge of the presence of the drugs or had control, so that no submissible case is made. *Additional factors are required.* (Emphasis added.)

*See also Withrow*, 8 S.W.3d at 80 ("The mere fact that a defendant is present on the premises where the manufacturing process is occurring does not by itself make a submissible case.... There must be some incriminating evidence implying that the defendant knew of the presence of the manufacturing process, and that the materials or the manufacturing process were under his control.").

Here, that additional factor is the commingling of Defendant's driver's license with the methamphetamine. Defendant's presence at the premises combined with the commingling of his personal property with the methamphetamine inferred Defendant's access to and control over the box in which the drugs were found. We find that there was sufficient evidence to support Defendant's conviction. Defendant's point is denied.

The judgment of the trial court is affirmed.

PREWITT and PARRISH, JJ., concur.