**STATE of Missouri, Respondent,**

v.

**Andre COKES, Appellant.**

**No. WD 34896.**

Missouri Court of Appeals,
Western District.

Oct. 16, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 27, 1984.

Application to Transfer Denied
Jan. 15, 1985.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

By the verdict of a jury appellant was found guilty of forcible rape, § 566.030, RSMo 1978. Upon a finding that appellant was a persistent offender, as alleged, the court sentenced him to life imprisonment in the Division of Corrections.

The sufficiency of the evidence is not questioned. Appellant presents two points, both of which claim that there was an improper reference in the state's argument to his failure to testify in violation of his fifth amendment right against being compelled to testify against himself, also claimed to be in violation of the same right under § 546.270, RSMo 1978, and Rule 27.-05.

On voir dire examination of the jury panel, appellant's trial counsel stated that he expected that the court would give an instruction which would indicate an individual who is accused of a crime has a right not to testify if he chooses to exercise that right. Counsel then asked of the panel if appellant chose to exercise that right was there anyone who would hold that against him, or who would think that he was hiding something. Two veniremen indicated that appellant, by not taking the stand would be holding something back or hiding something. One of these thought that he could not follow an instruction on the subject, and another venireman felt that he could not follow that instruction. The record does not reflect whether these persons actually served on the jury or were excused for cause or were peremptorily challenged.

The trial court gave, at appellant's request, Instruction No. 7: "Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify." This instruction is in accordance with MAI–CR 2d 3.76.

In opening argument state's counsel stated: "The most important part of this case was the testimony of the victim. She's the one this happened to and she's the only one that can say what she saw. If you believe her, you have to convict Andre Cokes. If you don't believe her, you cannot convict Andre Cokes. She's the only one that could take the stand and tell you what happened in the early morning hours of October 31st, 1981."

On closing argument state's counsel argued: "MS. BURNETT: There is a lot of talk about the rights of the defendant. The defendant has the right not to testify. MR. BROWN: Your Honor, I will object to that. May we approach the bench, please?", and "I move for a mistrial on the basis of the prosecutor's commenting on the defendant's right not to testify as not being permissible and I ask the Court for a mistrial at this time. MS. BURNETT: Your Honor, I am just indicating that the defendant has that right. THE COURT: I'll overrule the objection but you better be careful about any statements you make. * * * MS. BURNETT: The defendant has the right to confront the witnesses against him. This is the way our criminal justice system is set up, and this is the way it should be, but often we lose sight of the rights of the victim. Doesn't she have any rights, too? I want to talk about the defendant's evidence in this case..." Appellant's counsel had argued to the jury as follows: "MR. BROWN: And I remind you, during voir dire, we talked about whether or not you would hold the State to its burden of proof, and it is the State that has the burden of proof and not the defense whatsoever. I have talked to you about whether or not you would require the defense to put anything on and I told you we were going to put some evidence on, and we did that. And that evidence does show that there is reasonable doubt in this case...."

As noted, the state's closing argument was objected to, and the objection was overruled. The claimed violation of the constitutional right and the statute and rule, supra, is presented in Point I. The state's opening argument, however, was not objected to, and the claimed violation thereof is presented as plain error under Point II. The points will be considered together.

■ The cases on the subject of prosecutorial comment on an accused's failure to testify refer to the necessity of *direct* and *certain* references on the right to remain silent. See *State v. Rothaus*, 530 S.W.2d 235, 237 (Mo. banc 1975). In *State v. Arnold*, 628 S.W.2d 665, 668[3, 4] (Mo.1982), *State v. Frankoviglia*, 514 S.W.2d 536, 541 (Mo.1974), is quoted as to what constitutes a direct and certain reference to failure of an accused to testify: " 'The key words of the rule and statute are "accused" and "testify".' ". And the *Arnold* Court said, "Crucial to the determination of whether the state has made a direct and certain reference to the accused's failure to testify is the use of these words or their equivalent." Cited there in footnote 4 are cases holding that there was a direct comment on the failure to testify: *State v. Reed*, 583 S.W.2d 531, 533 (Mo.App.1979), " 'There is not a single witness who took the stand who is on trial. Bryan Reed is on trial,' "; and *State v. Lindner*, 282 S.W.2d 547, 550 (Mo.1955), " 'I don't know what the boy [defendant] says. There is no evidence of any type by him in this case'." At page 669[5] of the Arnold opinion, the court speaks of an indirect reference to the failure to testify, citing *Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App.1975), for a determination of whether the statement " 'highlighted' " or was " 'reasonably apt to have directed the jury's attention to the fact he did not testify.' ", and said further, "If under the circumstances of the case, only the accused could deny the evidence on a vital portion of the case, the general statement that such proof was undisputed or undenied has been held to be an indirect reference to the accused's failure to testify. (Citing cases.)." In this case, only appellant could deny the victim's account of the rape, and the reference to his right not to testify, along with other comments, could be at least direct and indirect references to that right.

In the Rothaus case, supra, and in the there cited cases, *State v. Haynes*, 455 S.W.2d 504 (Mo.1970); and *State v. Gregg*, 399 S.W.2d 7 (Mo.1966), there were instructions by the court to disregard the statement, or the objection thereto was sustained and an offer was made so to instruct (*Gregg*, supra). Here, the objection was overruled, and the statement was therefore before the jury without any corrective action being taken by the court.

These further cases, cited by appellant, have reversed convictions and ordered remand for new trial where there has been a direct, certain and unambiguous reference to a defendant's failure to testify at his trial: *State v. Cockrum*, 592 S.W.2d 300, 302 (Mo.App.1979), where the state's closing argument was, " 'We don't know exactly all the details of what happened … [o]nly the thieves know that and they are not about to tell us or you' "; *State v. Reed*, 583 S.W.2d 531, 533 (Mo.App.1979); *State v. Lindner*, supra; *State v. Lindsey*, 578 S.W.2d 903 (Mo. banc 1979), where the assistant prosecuting attorney said on voir dire examination, " 'Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to.—.' " These cases point up the hazard of reversal occasioned by state's counsel making *any* reference to a defendant's failure to testify.

■ The state here argues that appellant's counsel by inquiring of the jury panel on voir dire as to whether a member of the panel would hold it against appellant if he chose to exercise the right not to testify, or if thereby a member would think that he was holding something back, or if a member would follow an instruction on that subject, waived the right to have no comment thereafter on his failure to testify. Apparently, the state's argument is that appellant initially opened up the subject himself. It seems clear that appellant was entitled to have selected a fair and impartial jury, and therefore would be entitled to inquire at that point, on voir dire, whether any panel member would be prejudiced by appellant's failure to testify, or whether they would follow an instruction of the court on the subject. To have empanelled a fair and impartial jury was appellant's first right, or conjunctively to that was his

right to have no adverse presumption or inference drawn by the jury by his failure to testify. He was entitled to both rights so as to reduce a possible jury reaction to lessen the state's burden to prove his guilt beyond a reasonable doubt because of his failure to testify. There was no waiver of comment upon appellant's failure to testify by reason of his voir dire examination.

The state also argues that the prosecuting attorney did not refer specifically to appellant by her statement, "The defendant has a right not to testify." Appellant was the only person on trial, so that remark could not refer to "the defendant" in a generic sense, meaning all defendants, and not just appellant in this case. The statement was clearly adverse to appellant as were the further arguments of counsel with reference to appellant's right to confront the witnesses against him, and the argued conjunctive rights of the victim, "Doesn't she have rights, too?" The fair import of this argument is that appellant should have a duty to take the stand and explain his plea of not guilty, and be cross-examined as to his testimony.

*State v. Smart,* 485 S.W.2d 90, 95 (Mo. 1972), cited by the state, quotes *State v. Kimball,* 176 N.W.2d 864, 869 (Iowa 1970), which says such an instruction (like No. 7, supra) is a comment on the defendant's failure to testify. Undoubtedly it is such a comment, but the instruction goes on to instruct the jury that no presumption or inference of any kind may be drawn from the fact that the defendant does not testify. The court's instruction, as a comment, and the cautionary embellishment appended, should not be enlarged upon by counsel for the state. The time has come that any comment by the state upon the failure of a defendant to testify should be condemned under the pain of reversal. See the admonition in *State v. Williams,* 673 S.W.2d 32, 36 (Mo. banc 1984), and footnote 6 thereof. It is enough to consider whether the state has proved its case beyond a reasonable doubt, without the "overkill" in any manner, of a direct or indirect reference to a defendant's constitutional right not to testify in the case.

The judgment is reversed and the case is remanded for new trial.

All concur.