STATE of Missouri, Respondent,

v.

Bobby J. WARD, Appellant.

No. WD 36505.

Missouri Court of Appeals,
Western District.

Dec. 24, 1985.

Fred Duchardt, Public Defender, 7th Judicial Circuit, Liberty, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER, and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for stealing, in violation of § 570.030, RSMo Supp.1984. The judgment is reversed and the cause remanded.

While appellant presents four points, due to the disposition of this appeal only one point is taken up and ruled. In summary, appellant charges that the trial court erred in refusing to order a mistrial following a direct comment by the prosecutor upon appellant's right to testify, thereby violating appellant's right against self-incrimination and also violating Rule 27.05(a) and § 546.-270, RSMo 1978.

The pertinent facts are as follows: About 2:00 a.m. on July 24, 1984, law enforcement officers were dispatched on a prowler call to Birmingham, Missouri. The exact location was at Birmingham Road where it intersects with rail tracks. Appellant and another male were apprehended while walking alongside a stopped freight train. When asked for identification, appellant presented fraudulent identification. The evidence revealed that various boxes and cartons aboard the train had been broken into and some of the properties in transit had been thrown from the train. Later, at trial, certain events occurred which are directly related to appellant's charged error and require a verbatim account from the record.

During defendant's voir dire of the venire panel the following occurred:

[BY DEFENSE COUNSEL MR. DUCHARDT] I'm anticipating specifically that Bob Ward will not take the witness stand and testify. The law says, and the Judge will read you an Instruction at the end of the trial that says, "No inference of any kind is to be drawn from the fact that an individual doesn't testify." That's because the burden of proof is on the State. That's because the defense doesn't have to prove anything to you.

Is there anyone who, if they were sitting in the jury box, would feel—is there anybody on the jury panel who feels that if they were sitting in the jury box that they would draw some kind of presumption or draw some type of conclusion if Bobby Ward doesn't testify?

[BY ASSISTANT PROSECUTOR MR. MURPHY] Your Honor, I'm going to object because neither lawyer is supposed to comment on the Defendant's failure to take the stand. Neither lawyer is supposed to comment on it in the voir dire, or the argument, or any other time.

MR. DUCHARDT: Your Honor, may we approach the bench? [Out of the hearing of the jury.]

Judge, specifically, it's completely proper for a defense attorney to voir dire the jury panel to determine their capability on the law specifically as concerns the right not to testify to bring that issue up and find out if there is any preconceived notion.

THE COURT: The objection is overruled.

Thereafter, during the cross-examination of a state's witness, appellant was questioning the witness about a statement purportedly made by appellant during his arrest, and the following occurred:

Q. What did he [appellant] tell you?

A. He stated—

MR. MURPHY: Excuse me, Your Honor. I'll object for the reason it calls for heresay (sic). The defendant can take the stand himself and testify about that.

THE COURT: The objection is overruled.

MR. DUCHARDT: Your Honor, may we approach the bench?

THE COURT: The objection is overruled.

MR. DUCHARDT: I understand that, sir. May we approach the bench for just a second?

(Counsel approached the bench.)

MR. DUCHARDT: As Mr. Murphy so ably pointed, no one is supposed to take the—is to comment on defendant not taking the stand and not testifying on his behalf. His offhand comment just then has indicated to the jury that he could take the stand, and I've already indicated that he would not be taking the stand. I think it's an improper reference to his not taking the witness stand. I would ask the court to find, I believe, that the comment is prejudicial, and I'd ask that the court declare a mistrial because of the leading and improper statements of counsel.

THE COURT: Your request for a mistrial is overruled.

In support of his charged error, appellant argues that the comment by the assistant prosecutor was a direct and certain reference to appellant's failure to testify in violation of Rule 27.05(a) and § 546.270 RSMo 1978. Appellant argues further that the trial court's refusal to grant appellant's motion for mistrial, therefore, violated appellant's fifth amendment right against being compelled to testify against himself.

Respondent argues that the assistant prosecutor's comment was not a comment on appellant's *failure* to testify, rather a comment on his *right* to *not* testify and that, therefore, said comment was not in violation of Rule 27.05(a) or § 546.270. Furthermore, respondent argues, even if said comment does violate said rule and statute, appellant waived the protection of the rule and statute because appellant, during voir dire, was the first to call attention to his silence.

This court holds that this case is controlled by our decision in *State v. Cokes*, 682 S.W.2d 59 (Mo.App.1984), which held that a comment by the state upon the failure of a defendant to testify constitutes reversible error and there is no waiver of the protection provided by the constitution, the rule and statute upon comment of defense counsel during voir dire.

The facts in *Cokes* are practically identical to those present herein. In *Cokes*, the defense counsel stated to the jury panel during voir dire that the court would give an instruction which would indicate an accused has a right to not testify and that if he chooses to exercise that right would any venire person hold that against him. The comment was not objected to. Then, during closing argument, state's counsel argued:

> MS. BURNETT [STATE'S ATTORNEY] There is a lot of talk about the rights of the defendant. The defendant has the right not to testify.

At that point, the defendant objected to the reference to defendant's right to not testify and moved for a mistrial. Said objection and motion were overruled by the court.

■ This court held, on appeal, that the comment by the state's attorney was a direct and certain reference to the failure of the accused to testify and as such, constituted reversible error. In determining a "direct and certain reference to the failure of the accused to testify" the key words or their equivalents are "accused" and "testify". *State v. Cokes, supra* at 61; *State v. Arnold*, 628 S.W.2d 665, 668 (Mo.1982); and *State v. Frankoviglia*, 514 S.W.2d 536, 541 (Mo.1974). In the present case, the assistant prosecutor stated "[t]he *defendant* can take the stand himself and *testify* about that." (Emphasis added.) Such comment directly satisfies the test as stated above and cannot be construed as anything but a "direct and certain reference to the failure of the accused to testify". This court is not persuaded by respondent's argument that the comment was a reference to appellant's *right* to not testify, and not reference to appellant's *failure* to testify.

It is held herein that there is no distinction between the two.

Respondent argues, as did the respondent in *Cokes*, that the protection afforded by the constitution, the rule and statute are personal to a defendant and may be waived by him. Respondent cites for his support *State v. Green*, 549 S.W.2d 644, 646 (Mo. App.1977); *State v. Stidham*, 305 S.W.2d 7, 18 (Mo.1957); *State v. Tiedt*, 360 Mo. 594, 229 S.W.2d 582, 587 (banc. 1950); and *State v. Mosier*, 102 S.W.2d 620, 628 (Mo. 1937). However, the court in *Cokes* stated "[t]here is no waiver of comment upon appellant's failure to testify by reason of his voir dire examination." *Cokes, supra* at 62.

■ The court in *Cokes* reasons that an accused is entitled to a fair and impartial jury, and therefore, is entitled to inquire on voir dire whether any panel member would be prejudiced by his failure to testify. This right is conjunctive to the right of an accused to not testify against himself. The exercise of one does not waive the protection of the other.

Respondent argues that *Cokes* is not controlling because it is in direct contravention with Missouri Supreme Court cases which hold that reference (to a defendant's right to not testify) by the defendant himself waives the protection of the constitution, rule and statute and therefore, the defendant cannot complain upon the state's subsequent reference to the same. Careful examination of those cases cited by respondent (*Mosier, supra; Stidham, supra;* and *Teidt, supra* ) reveal that *Cokes* is distinguishable.

■ In *Cokes* the comment by appellant was made during his voir dire of the jury panel. In the Missouri Supreme Court cases, the comments were made by defendant during the taking of evidence or during closing argument. Therefore, the comments in the Supreme Court cases were not made as an exercise of the defendant's right to a fair and impartial jury. Furthermore, in the Supreme Court cases, the comments made by the state's attorneys were

made immediately after defendant's comments, in essence, as a matter of response to or in retaliation of the defendants' comments. In the present case, as in *Cokes,* the comments by the defendant were made during voir dire, and the subsequent comment by state's attorney was not made until much later. Such subsequent comments cannot be construed as responsive or retaliatory, and therefore, are prejudicial and constitute reversible error.

This court is not persuaded by respondent's attempt to distinguish *Cokes* from the present case. This case, like others referred to herein, displays the confusion created by Rule 27.05(a) and § 546.270, and perhaps the Missouri Supreme Court should rule on both to provide a clear and direct interpretation for remaining courts.

Nonetheless, because of this court's prior ruling in *Cokes,* the judgment herein is reversed and the cause is remanded for further proceedings consistent with this ruling.

All concur.