STATE of Missouri, Respondent,

v.

Bunny E. CRAWFORD, Appellant.

No. WD 36423.

Missouri Court of Appeals,
Western District.

Aug. 6, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 25, 1986.

Application to Transfer Denied
Nov. 18, 1986.

Sean D. O'Brien, Public Defender, Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, J.P., and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Defendant appeals his conviction of second degree murder, § 565.004, RSMo 1978, and sentence to life imprisonment. He contends that he should be given a new trial because of plain error in the state's argument to the jury and error in the admission of defendant's videotaped statement.

The victim was found in an attic of a house were defendant had been working. The cause of death, in the opinion of a pathologist, was strangulation. In his videotaped statement, the defendant admits strangling the victim.

**12**

■ Defendant complains about the following statements that were made by the state in closing argument:

And the defendant, he's had all the Constitutional rights that a person would want.... [H]e's had the right not to testify, not to be cross examined.

. . . .

Isn't it truly tragic that the only person around that can account for the last minutes of this human being's life, Anita Silk, is this guy? The same man who murdered her.

There is no doubt that if the trial court had overruled a proper objection to the comments and the motion for new trial had preserved the error, the statements would have required reversal if they could not be said to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). They are egregious, uncalled for and direct comments upon the failure of the defendant to testify in the case. *State v. Cokes*, 682 S.W.2d 59 (Mo.App.1984), reversed for similar, but somewhat less flagrant, comments.

In the instant appeal, there was no objection and the only basis for consideration of the matter is plain error. Rule 29.12(b). The fact that there was no objection does not change the erroneous nature of the comments.

■ The error is present but the standard by which the effect of the error is considered is different from the review of preserved error. Because review is for plain error, the court must find not only error, but also that manifest injustice has resulted from the error. Rule 29.12(b). Manifest injustice will not result from error in closing argument unless the court finds the error had a decisive effect on the jury deliberations. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979). There must be a strong, clear showing that injustice or a miscarriage of justice will ensue if the rule is not invoked. *State v. McKinley*, 689 S.W.2d 628, 632 (Mo.App.1984) (quoting *State v. Hurtt*, 509 S.W.2d 14, 15 (Mo. 1974)).

■ *State v. Cokes* holds that the use of questions upon voir dire relating to the right not to testify and the giving of MAI–Cr 2d 3.76 concerning that right do not waive otherwise preserved error based on comments made in closing argument. *State v. Cokes*, 682 S.W.2d at 62. The circumstances of such questioning and instruction are relevant, however, on the issue of plain error. In the instant case, in view of the extensive questioning of the jurors concerning their understanding of the defendant's right not to testify, it is difficult to see how the state's comments could have had any influence upon the jury's deliberations. The evidence of guilt is substantial, and no basis exists for application of the plain error rule.

The defendant also contends that his videotaped confession should not have been admitted in evidence because it was not voluntary. The claim is predicated upon defendant's assertion that the police induced his confession by promises to him and his family that defendant would receive psychiatric treatment and not be imprisoned if he confessed.

The police were aware of the defendant's previous assaults on women and mentioned this to the defendant, indicating that he needed "help." The police also mentioned instances of other persons who had committed similar acts and received treatment at the state mental hospital in Fulton. The police expressly denied that they made any promises to the defendant that he would be similarly treated. The defendant and his family contended that there were express promises prior to the confession.

So far as there was a conflict between the testimony of the police and the defendant and his witnesses, the issue was for determination by the trial court. It is a function of the trial court to resolve a conflict based upon issues of credibility. *State v. Simpson*, 606 S.W.2d 514, 517 (Mo.App.1980).

■ The issue is somewhat different as to the defendant's claim that the police statements induced defendant's confession. If the admissions of the officers showed an

improper inducement for the confession, then there is no issue of credibility and the determination to be made is whether the statements were an improper inducement. The statements of the officers in this case are somewhat analogous to those in *State v. Rickey*, 658 S.W.2d 951, 954 (Mo.App. 1983). In *Rickey* the defendant asked the officer " ... if I do [talk] will I receive the death penalty?" The officer replied, "I did not know for sure, but probably not." *Id.* at 953. The *Rickey* court held this was not a promise or inducement, reasoning that the language was less a promise of leniency than language in many cited cases. *Id.* at 954. The language of the officers in the instant case is even less a promised result. The test of voluntariness is whether the totality of the circumstances deprived the defendant of a free choice to admit, to deny, or to refuse to answer. *State v. Higgins*, 592 S.W.2d 151, 158 (Mo. banc 1979), *appeal dismissed* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). The trial court did not err in finding the confession voluntary.

The conviction and sentence are affirmed.

All concur.