**STATE of Missouri, Respondent,**

v.

**Jerrol SMITH, Appellant.**

No. 51656.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 6, 1987.

John F. Newsham, Clayton, for appellant.

William L. Webster, Atty. Gen., Liza Healey, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for three counts of burglary second degree, § 569.170, RSMo 1986, and three counts of stealing, § 570.030, RSMo 1986. Defendant was sentenced as a persistent offender to fifteen years' imprisonment on each count, arranged concurrently and consecutively to total thirty years' imprisonment. We affirm.

The sufficiency of the evidence is not questioned. Defendant entered three different homes; one between April 19 and April 23, 1985, and two on May 15, 1985. From each home he stole property valued in excess of $150. Defendant did not testify and presented no evidence at trial.

Defendant raises two claims of error on appeal. In his first point relied on, defendant asserts he is entitled to a new trial because the prosecutor referred to "uncontradicted evidence" during his closing argument. Defendant asserts this constituted a prohibited direct reference to defendant's failure to testify. In his second point relied on, defendant alleges error in the denial of his motion to suppress statements.

During closing argument, the prosecutor referred to the evidence as uncontradicted or undisputed on five separate occasions. Three of the references were to testimony from the victims; he referred to one of the burglary victim's testimony as to the property stolen and the value of that property

as being uncontradicted; he referred to another victim's testimony as being undisputed; and in reference to the third victim's testimony he said "there's been no evidence to contradict that." Next, the prosecutor called uncontradicted the testimony that defendant confessed his involvement in the three burglaries to Detective McDermott. Finally, the prosecutor referred to the detective's statement as to what defendant had told him as not being disputed.

Of those five statements defendant's attorney only objected to the fourth, to the statement "that it is uncontradicted that the Defendant at that time confessed to his involvement in the three burglaries." The ground for the objection was he didn't "think that's what the evidence showed." The objection was properly overruled on that ground.

◼ On appeal defendant argues the prosecutor's closing argument was a comment on his failure to testify. An alleged error made during closing argument is not preserved unless raised in an objection. *State v. Jordan,* 699 S.W.2d 80, 82 [1] (Mo.App.1985). And the objection must be specific to preserve it for review. *State v. Franks,* 685 S.W.2d 845, 848 [6] (Mo.App. 1984). Defendant failed to object to four of the five statements complained of on appeal, and the one objection he did make stated grounds different than now raised on appeal. No objections to the closing argument have been preserved.

◼ Even had defendant properly objected to the prosecutor's closing argument, his point must fail because the argument was not a reference to defendant's decision not to testify. Crucial to a determination of whether the State has made a prohibited direct reference to an accused's failure to testify is a use of the words "defendant" and "testify," or their equivalent. *State v. Arnold,* 628 S.W.2d 665, 668 [4] (Mo.1982); *State v. Loggins,* 698 S.W.2d 915, 919 [6] (Mo.App.1985). The statement in closing argument that evidence is "uncontradicted" is not a direct or certain reference to defendant's decision to not testify. *Loggins,* 698 S.W.2d at 919 [8]. The prosecu-

tor's statements also do not violate the proscription against indirect comments on the defendant's decision not to testify. *Arnold,* 628 S.W.2d at 669 [5]. At most, the prosecutor's statement could be interpreted as relating to the defendant's failure to offer evidence. The context in which the statements were made neither highlighted nor directed the jury's attention to defendant's failure to testify. *State v. Taylor,* 691 S.W.2d 379, 384 [8] (Mo.App.1985).

■ In his second point relied on defendant challenges the trial court's denial of his motion to suppress his statements and confession. Defendant claims these statements were given as a result of promises of leniency by the police and thus not voluntary. There is insufficient evidence to support this contention. Defendant presented no evidence at the suppression hearing. The State showed defendant was advised of his Miranda rights on three occasions. After being given his rights for the first time, defendant signed both the warning and waiver portion of the Miranda form, indicating he understood his rights and was willing to submit to questioning. Defendant has presented no evidence that he was promised anything prior to questioning. He was not threatened in any way. Defendant was not subjected to force, nor was he handcuffed at any point during the interview, which lasted approximately two hours. *State v. Lytle,* 715 S.W. 2d 910, 915 [5] (Mo. banc 1986). Credibility at the suppression hearing was for the trial court. *Lytle,* 715 S.W.2d at 915 [9]. Under the totality of the circumstances, defendant was not deprived of a free choice to admit, to deny or refuse to answer and his will was not overborne at the time he confessed.

The judgment and sentences are affirmed.

SATZ, P.J., and KELLY, J., concur.