**STATE of Missouri, Respondent,**

v.

**Doyle MARTIN, Appellant.**

No. 55182.

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

Jim Lynn, Columbia, Donald J. Hager, Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction of child abuse, § 568.060, RSMo 1986, and sentence of seven years' imprisonment. We affirm.

Defendant asserts the trial court erred in failing to *sua sponte* declare a mistrial because during closing argument, the prosecutor made the following statement:

> One thing you did not hear is that you did not hear the defendant present any testimony that would contradict the State's witnesses.

Defendant contends this statement was a direct reference to defendant's failure to testify at trial.

Because defense counsel made no objection at trial to prosecutor's statements, we will review only for plain error. Because our review is for plain error, to reverse there must have been more than error, but defendant must have suffered manifest injustice from the error. *State v. Crawford,* 719 S.W.2d 11, 12[2] (Mo.App.1986). To have been manifestly unjust, the comments in closing argument must have had a decisive effect on the jury. *State v. Sidebottom,* 753 S.W.2d 915, 920[7] (Mo. banc 1988).

Comments by the State during closing argument will warrant a new trial only when they are a direct and certain reference to defendant's failure to testify, *State v. Gardner,* 743 S.W.2d 472, 473[2] (Mo. App.1987), or an indirect reference which was "reasonably apt to have directed the

jury's attention to the fact he did not testify." *State v. Arnold*, 628 S.W.2d 665, 669[5] (Mo.1982). While we look for the presence of words such as "defendant" and "testify" or their equivalents to determine whether a comment was a direct and certain reference, we "are not confined to any single talismanic formula in conducting our inquiry and we must take into consideration the unique facts of each particular case." *State v. Johnson*, 702 S.W.2d 65, 74[10] (Mo. banc 1985).

■ At trial, five witnesses testified for the State; the defendant produced no witnesses or testimony. When read in context of the entire closing argument, the prosecutor's statement was not a direct and certain reference to defendant's failure to testify. Prosecutor merely reminded the jury that no one had testified for defendant, a fact they already knew. Nor did the comment violate the proscription against indirect comments on defendant's decision not to testify. Prosecutor did not repeat the comment, or emphasize it to the point where it called the jury's attention to defendant's failure to testify. *State v. Smith*, 743 S.W.2d 416, 418[2] (Mo.App. 1987).

■ The State's case against defendant was strong. Five witnesses presented consistent testimony of defendant's guilt. In light of this evidence, we find the reference to defendant's failure to present evidence did not have a decisive effect on the jury's decision. No manifest injustice resulted from prosecutor's remarks.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.