**STATE of Missouri, Respondent,**

v.

**Steven HOWARD, Appellant.**

**No. 59274.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 21, 1992.

Melinda Kay Pendergraph, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudy R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Appellant, Steven Howard, appeals his jury conviction for sale of a controlled substance near a school in violation of § 195.-214 RSMo Cum.Supp.1989. Appellant was sentenced to ten years imprisonment as a prior and persistent, 60% minimum term offender.

In his sole point on appeal, appellant claims that the trial court erred in failing to grant his request for a mistrial premised upon the prosecutor's repeated references in closing argument to the state's evidence as uncontradicted as such references denied him his right not to testify as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article I, Section 14 of the Missouri Constitution and Section 546.270 RSMo 1986, in that the prosecutor's comments constituted indirect references to his failure to testify. We affirm.

The sufficiency of the evidence is not an issue. On October 26, 1989, a detective, working undercover with the Street Corner Apprehension Team (S.C.A.T.), was driving through the area of Montgomery and Glasgow when he was stopped by Mr. Nathan Taylor. Mr. Taylor offered to take the

detective to a location where he could purchase cocaine. The detective was wearing a tape-recording device, called a Kel, that transmitted the oral communications to a receiver in a surveillance van.

The detective and Mr. Taylor met with appellant, Steven Howard, in the rear of 2704 Glasgow. Mr. Taylor gave appellant the marked twenty-dollar bill which the detective had earlier given to him, in exchange for heroin. The detective described appellant as a thinly built, tall black male with medium complexion and a faint beard, wearing a yellow headband, an open blue jacket and a pair of blue jeans. The detective gave Mr. Taylor five dollars for his services as a "steerer."

As soon as possible after the transaction, the detective alerted the surveillance unit over the Kel tape that the transaction was complete. Some time later, appellant was apprehended but he was not wearing a blue jacket or a yellow headband. Due to the clothing discrepancy, the detective made a positive identification pursuant to a "drive by", i.e., he drives by and identifies the subject through the tinted glass of the police car. Appellant was then arrested and charged with sale of a controlled substance near a school.

Appellant did not testify at trial or present any evidence. During the prosecutor's closing argument, appellant moved for a mistrial which was denied.

Appellant, in his sole point, essentially contends that the trial court erred in failing to grant a mistrial due to several references by the prosecutor to the state's evidence as "uncontradicted." For example, the prosecutor, in his closing argument states, "The evidence is uncontradicted that this Defendant turned and looked at that plainly marked detective car and he ran into the house." Appellant argues that these references violated his right against self incrimination.

In *State v. Robinson*, 641 S.W.2d 423, 426[3,4] (Mo. banc 1982), our Supreme Court stated that "[b]ecause of the trial court's superior vantage point, this Court has held that it will disturb the trial court's decision, when the prosecutor allegedly has

alluded to a defendant's failure to testify, only where the references are direct and certain." Crucial to a determination of whether a prohibited direct reference was made is the state's use of the words "defendant" and "testify" or their equivalent. *State v. Smith*, 743 S.W.2d 416, 417[2] (Mo.App.1987). "Merely stating that evidence is 'uncontradicted' or that a defendant has failed to offer evidence is not a direct and certain reference." *Robinson*, 641 S.W.2d at 426[3,4]. Here, the prosecutor made no direct reference to appellant nor did he use the words "defendant" or "testify" in his closing argument.

Further, the prosecutor's statements do not constitute an indirect comment on the appellant's decision not to testify. In determining a violation of the rule against indirect comments, the ultimate question is whether the statement drew the jury's attention to the lack of testimony by the appellant. *State v. Johnson*, 811 S.W.2d 411, 416[10,11] (Mo.App.1991). Here, the record does not contain appellant's closing argument but does indicate that the statements made by the prosecutor were not directed to appellant's failure to testify; but merely commented on the fact that the state's evidence was not contradicted.

Judgment affirmed.

GRIMM and CRANDALL, JJ., concur.