STATE of Missouri, Respondent,

v.

Darryl HAMILTON, Appellant.

No. 60997.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1993.

Emily N. Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Darryl Hamilton, appeals from jury convictions of first degree robbery in violation of § 569.020 RSMo 1986 and armed criminal action in violation of § 571.015 RSMo 1986. Defendant was sentenced as a prior, persistent, and class X offender to concurrent terms of life imprisonment. After sentencing, defendant filed a Rule 29.15 motion which the motion court denied without an evidentiary hearing. These appeals have been consolidated for review pursuant to Rule 29.15(*l*).[1] We affirm.

Since defendant does not challenge the sufficiency of the evidence, we need not relate it in detail. On October 15, 1990, Barbara Jones sat in a parked car waiting for a friend outside a sandwich shop. Defendant leaned into the car, asked for a "light," and demanded Jones' purse. Jones resisted, and defendant produced a knife. Jones released her hold on the purse; defendant dropped the knife and fled to a nearby house. Jones called 911.

Police arrived at the scene, and Jones directed them to the house where defendant had fled. With the permission of the woman who answered the door, police searched the house and found defendant shirtless and hiding in a closet. Defendant was brought outside and identified by Jones and her friend.

Police arrested and searched defendant. During the search, police recovered money of the same denomination as the money that was in Jones' purse before the robbery. Upon searching the house, police recovered Jones' purse and a shirt matching the one the robber wore at the time of the incident. Police also found Jones' makeup compact in the front yard and recovered a knife from the scene. Defendant was transported to the police station, where he admitted the robbery to police.

In points one and two, defendant contends the trial court erred in overruling his objections to certain statements made by the prosecutor during closing argument.

Specifically, defendant contends the remarks personalized the case to the jury and commented on his failure to testify.

■ In reviewing defendant's claims, we recognize the trial court's broad discretion in controlling closing argument and the wide latitude afforded counsel during summations. *State v. Hill*, 808 S.W.2d 882, 887 (Mo.App.1991). We will reverse a ruling for abuse of discretion only where the argument is plainly unwarranted. *Id.*

■ First, defendant contends the trial court abused its discretion in overruling his objection when the prosecutor allegedly personalized the case in an effort to elicit sympathy and prejudice the jury against defendant.

During the argument, the prosecutor asserted that none of the state's witnesses had lied during their testimony. She then invited the jury to consider whether the victim was "mistaken" in her identification of defendant. The prosecutor argued:

Look at what she said about how it went down, how it happened. The man came up to her first, and *you do this when you are down in the Jury room. Go through it and get out your watch; okay? See if you go through the scenario just like she said; okay?*

(Emphasis added). Defense counsel objected that the prosecutor was asking the members of the jury to place themselves in the position of the victim. The objection was overruled, and the prosecutor described the circumstances of the robbery. After the description, the prosecutor continued:

How long did that take? How long did that take? *Do it when you get back down there. See how long it takes and look each other in the face.*

What did she [the victim] tell you? He [the robber] is leaning in the car. She could touch him with his face [sic]. What is that? Two and-a-half feet? This close. It's that close to her. She looks at him. That was at least twenty

1. Defendant has not briefed the allegations of error contained in his Rule 29.15 motion. We thus consider them to have been abandoned.

Rule 84.13(a); *State v. Gaines*, 807 S.W.2d 678 (Mo.App.1991).

seconds that that took. She was looking at that face for twenty seconds.

*Now, you ask yourself if you saw that face again fifteen minutes later if you wouldn't recognize it and if you wouldn't be able to say that that's the man. That's the man who took my purse.*

(Emphasis added). Defendant made no further objection and requested no further relief.

Defendant argues it is improper for a prosecutor to personalize to the jury in an effort to inflame its passions and prejudices, citing *State v. Long*, 684 S.W.2d 361, 365 (Mo.App.1984). We agree. However, contrary to defendant's contention, we find no improper personalization in the prosecutor's argument here. In *Long*, the prosecutor detailed a graphic description of the rape with which the defendant was charged, treating the jurors as defendant's victims and addressing them as "you" and "your" throughout the argument. *Id.* at 364. The argument was not supported by the evidence, was not in response to the defendant's theory of misidentification, and did not relate to the role of the jury in determining guilt or innocence. *Id.* at 365.

In contrast, the prosecutor here did not ask the jurors to put themselves in the position of the victim for the purpose of inflaming their passion or appealing to their prejudice. Rather, the argument suggested that the jurors test the credibility of the victim's identification testimony. Within the broad limits of closing argument, it is the prosecutor's right to comment on the witnesses' credibility from the state's viewpoint. *State v. Bryant*, 741 S.W.2d 797, 799 (Mo.App.1987). The argument responded to defendant's defense at trial and related to the jury's role in determining guilt or innocence. We find no improper appeal designed to arouse bias and hostility toward defendant.

■ Moreover, an argument is not "personalized" where it does not suggest a personal danger to the jurors or their families if the defendant were to be acquitted. *State v. Matthews*, 790 S.W.2d 271, 272 (Mo.App.1990). The statements in question made no such suggestion. We find no abuse of discretion, and point one is denied.

■ In point two, defendant argues the trial court erred in overruling his objection and motion for mistrial with respect to a comment in the prosecutor's closing argument allegedly referring to defendant's failure to testify.

During the argument, the prosecutor first reminded the jurors of their oath to follow the evidence they had heard in the case, not evidence they had not heard. She then stated there was "no evidence about someone running out of the back door." Defense counsel objected that the prosecutor was shifting the burden of proof, and the trial court overruled the objection. The prosecutor continued:

That is pure speculation and you took an oath, ladies and gentlemen, to use the evidence that you have here. You can't decide the case on a what if. You can't do that. You have to decide it on the evidence that you heard.

The state's evidence is uncontroverted.

At this point, defense counsel objected that the prosecutor had made a direct reference to defendant's failure to testify, in that defendant was the only person, other than the victim and her friend, who was capable of testifying concerning the details of the offense. The trial court overruled the objection and denied defense counsel's motion for mistrial.

■ Reversible error is committed only when there is a direct and certain reference to a defendant's failure to testify. *State v. Gleason*, 813 S.W.2d 892, 897 (Mo.App.1991). If there is an indirect reference, the court must review the statement to determine whether it highlighted or tended to direct the jury's attention to the fact the defendant did not testify. *Id.* An indirect comment is improper only if the prosecutor demonstrates a "calculated intent" to magnify a defendant's decision not to testify. *State v. Johnson*, 811 S.W.2d 411, 416 (Mo.App.1991).

■ Although the law provides that a prosecutor may not comment on a defendant's failure to testify, the rule does not prohibit references to a defendant's failure to offer any evidence. *State v. Clifford*,

815 S.W.2d 3, 8 (Mo.App.1991). Comments on a defendant's failure to offer evidence are not improper and do not require a trial court to declare a mistrial. *State v. Jackson,* 750 S.W.2d 644, 648 (Mo.App.1988).

In this case, the prosecutor in making her argument did not use the words, "defendant" and "testify," or their equivalent. The use of those words is crucial to a determination that a direct reference was made. *State v. Howard,* 821 S.W.2d 915, 916 (Mo.App.1992). Moreover, our supreme court has specifically held that a characterization of evidence as "uncontradicted" does not constitute a direct and certain reference to a defendant's failure to testify. *Id., citing State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982).[2]

Defendant argues the comment directed the jury's attention to his failure to testify, and thereby constituted an improper indirect reference, because defendant was the only person who could have testified to contradict the state's witnesses. In support of this proposition, defendant relies on *State v. Robinson,* 184 S.W.2d 1017 (Mo. 1945). Defendant's reliance is misplaced.

In *Robinson,* the impermissible reference was not the statement that the evidence remained "uncontradicted"; rather, the prosecutor stated, "Gentlemen, there were three persons present December 8, 1942, at 2611A Olive Street. Constance Hoffman has told you her story; Mary Snowdell can't." *Id.* at 1018. Because the third person referenced could only have been the defendant, the court found the comment was a "pointed reference" to defendant's failure to testify. *Id.* The court distinguished the comment from those cases in which a prosecutor makes a general statement referring to a defendant's failure to produce any evidence whatsoever. *Id.*

We find no indirect reference to defendant's failure to testify. Moreover, even if the remark were construed as an indirect reference, we find no "calculated intent" by the prosecutor to magnify defendant's decision not to take the stand. We find the prosecutor's comment in this case a legitimate reference to defendant's failure to offer evidence on his own behalf. The statement did not constitute a reference, direct or indirect, to defendant's failure to testify. Point two is denied.

In his final point, defendant contends the trial court plainly erred in submitting instruction number 4 defining "reasonable doubt" in accordance with MAI–Cr 3d 302.-04. Defendant contends the "firmly convinced" definition suggests a higher degree of doubt than is constitutionally required for acquittal and permits a finding of guilt based upon a degree of proof below that required by due process. Defendant argues the instruction suffers from the same constitutional infirmity as the instruction held unconstitutional in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), which equated reasonable doubt with "grave uncertainty" and "actual substantial doubt," and required a "moral certainty" of defendant's guilt.

Our supreme court has consistently rejected the argument that the "firmly convinced" definition of reasonable doubt impermissibly lowers the standard of proof imposed upon the state in a criminal case. *State v. Waller,* 816 S.W.2d 212, 218 (Mo. banc 1991). Further, the court has specifically found that unlike the charge in *Cage,* the charge given in instruction 4 meets the requirement that the jury find defendant guilty beyond a reasonable doubt. *State v. Griffin,* 818 S.W.2d 278, 282 (Mo. banc 1991). Defendant acknowledges the applicability of *Griffin* and presents his argument only "in the event some court in the future concludes the reasonable doubt definition is constitutionally deficient." Point denied.

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.

---

**2.** In this context, we find the "uncontradicted" characterization substantially similar to the "un-

controverted" characterization used in this case.