**STATE of Missouri, Respondent,**

v.

**Freddie L. CLEMENT, Appellant.**

**No. WD 55478.**

Missouri Court of Appeals,
Western District.

Oct. 12, 1999.

John M. Schilmoeller, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista Boston, Asst. Atty. Gen., Jefferson City, for respondent.

Before Presiding Judge HAROLD L. LOWENSTEIN, Judge FOREST W. HANNA and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

Defendant–Appellant, Freddie L. Clement, was convicted by a jury of possession of a controlled substance in violation of Section 195.202 RSMo 1994. On appeal, Defendant claims, and the State concedes, that the trial court committed reversible error when it failed to permit defense counsel to ask members of the jury panel whether they would draw a negative inference if Defendant failed to testify. We agree that Defendant was entitled to make such an inquiry and, therefore, the conviction must be reversed and the case remanded for a new trial.[1]

## I. STATEMENT OF FACTS

On September 8, 1996, in response to complaints of narcotics activity, Officer Smith and Officer Seever were patrolling the area around Longview Road and Blue Ridge Boulevard. Officer Smith saw a maroon-colored Buick driving in the area and recognized the driver as a person with whom he had previous contacts. Officer Smith wanted to point out the driver to Officer Seever, who was new to the area. The officers therefore followed the Buick so Officer Seever could obtain a better look at the driver.

The officers followed the car into the IGA Grocery Store parking lot located at 6859 Longview Road. The officers watched as the driver drove the Buick around the lot several times before finally stopping the Buick near the police car. The driver then exited the car and entered the grocery store, while the passenger, later identified as Mr. Clement, exited the passenger side of the car and started to walk toward the rear of the car. When Mr. Clement noticed the police car parked nearby, however, he nervously reversed his direction, and headed for the grocery store. The officers noticed that, as Mr. Clement approached the grocery store, an object dropped out of his right hand. The officers searched the area where they saw Defendant drop the object, and found a bag containing what appeared to be crack cocaine. The officers then entered the store and arrested Mr. Clement. The driver was released.

Mr. Clement was later charged with possession of a controlled substance under Section 195.202 RSMo 1994. A jury found him guilty of that crime and, as a prior and persistent offender, the court sentenced him to 10 years imprisonment. This appeal followed.

## II. ERROR TO PRECLUDE QUESTIONING ABOUT EFFECT OF FAILURE TO TESTIFY

Defendant raises three issues on appeal, the third of which is dispositive. He asserts that the trial court erred when it sustained the State's objection to defense counsel's voir dire question whether any of the venirepersons would draw a negative inference if defendant exercised his right not to testify at trial. The objection and the court's ruling were as follows:

---

**1.** We do not reach the two alleged evidentiary errors raised by Defendant as they may not arise again on remand.

**158**

DEFENSE COUNSEL: I'm about to go over the fact that [Defendant] doesn't have to testify.

PROSECUTOR: That's an instruction in the law.

THE COURT: You are going to ask them to commit?

DEFENSE COUNSEL: I'm not going to ask them to commit, I'm going to ask them if they are aware under the constitution that individual defendants—

THE COURT: That would be the law. Then you are going to ask them to commit, if he doesn't testify that you wouldn't find him guilty. Isn't that what are you going to ask him?

DEFENSE COUNSEL: I'm going—

THE COURT: I'm going to ask you not to go into that. I'll read that instruction. You can ask their biases and prejudices. But if you get up and say, are you aware of what the constitution is, then you are taking me out of work, I have to tell them what that—

DEFENSE COUNSEL: Now, will I be permitted to ask the jury if they—the panel if they would have any—if they would *draw* any negative inferences from Mr. Clement opting not to testify? And I think that that is proper.

THE COURT: I'm sorry?

DEFENSE COUNSEL: I'm asking you if you would allow me to ask that. I think that is proper, sir.

PROSECUTOR: Your Honor, I would object to that because he is asking for a commitment from the jury.

DEFENSE COUNSEL: I'm asking about if – that they would draw any negative inferences or biases.

THE COURT: If you ask could they all follow the law and not draw a negative inference, then I wouldn't have a problem with that. Then you ask could they follow the law. Now, you ask them if they can – if you are going to commit him not to testify today and

are you going to find anyone guilty or not guilty –

DEFENSE COUNSEL: I just want to be sure that we don't.

THE COURT: I'll tell you – let me say this. You are improperly committing them to say would anyone find him guilty if he didn't testify?

DEFENSE COUNSEL: No, I'm not. Going to ask them if they would draw any negative inferences.

THE COURT: Isn't that the same thing.

DEFENSE COUNSEL: Negative inferences does not mean guilt.

THE COURT: It doesn't?

DEFENSE COUNSEL: Negative inferences? Now, it may be a variable that they use in their deliberations but it does not mean they would find him guilty or not guilty.

THE COURT: If you are saying – you are not going to say, would you find my client guilty or not if he didn't testify? You want to ask him if it's a negative inference. You are asking the same thing, I don't understand the distinction.

DEFENSE COUNSEL: *I want to ask is there anyone that would draw a negative inference from Mr. Clement not testifying.*

PROSECUTOR: Your Honor, that's commitment.

THE COURT: *You can't ask that question. You are committing them.* Then you have to give them what the law is to tell them why they should not draw a negative inference. So, I think we – I don't want you to go into it, it's a deep hole we won't get out of. *I'm going to sustain the objection [t]o it.*

(emphasis added).

Mr. Clement argues the trial court erred in ruling that he was precluded from asking the venirepersons whether they would draw an adverse inference from his failure to testify, for he had a right to ask the

prospective jurors this question in order to ensure that he had a fair and unbiased jury panel. We agree.

■■■ A criminal defendant is entitled to a qualified jury panel, one that is free from bias or prejudice. *State v. Feltrop,* 803 S.W.2d 1, 7 (Mo. banc 1991). To this end, "[i]t is the rule in the state that a liberal latitude is allowed in the examination of jurors on voir dire. The only legitimate limitation would be at the point where the inquiry tended to create prejudice." *State v. Finch,* 746 S.W.2d 607, 613 (Mo.App. W.D.1988), *citing, State v. Granberry,* 484 S.W.2d 295, 299 (Mo. banc 1972). And, in particular, "[l]itigants have the right, through the process of voir dire, to discover bias or prejudice on the part of prospective jurors and they should be allowed a wide latitude in the search for open minded jurors." *Id.* Our Supreme Court recently reaffirmed this in reversing a murder conviction because the trial court refused to allow defense counsel to voir dire the panel about whether they would be prejudiced by the fact that one victim was a 3–year old child. *State v. Clark,* 981 S.W.2d 143, 146–47 (Mo. banc 1998). The Court agreed that it is improper to seek a commitment from prospective jurors or to require them to speculate as to how they would react to a hypothetical situation, but held that this does not mean counsel is limited to general fairness and "follow-the-law" questions. *Id.* at 147. Rather, counsel can ask about the potential prejudice which will be caused by critical facts, such as the fact of a child-victim, so that a fair jury can be empanelled. *Id.*

As the State now concedes, one specific and critical area of bias and prejudice which a litigant has a right to uncover during the voir dire process is whether a prospective juror will be prejudiced based on a defendant's failure to testify. We

addressed this issue in *State v. Cokes,* 682 S.W.2d 59 (Mo.App. ·W.D.1984). In that case, the prosecution improperly commented during closing argument on the accused's failure to testify. In an attempt to justify this impropriety, the State argued that, because defense counsel had asked during voir dire "whether a member of the panel would hold it against appellant if he chose to exercise the right not to testify ... [Defendant had therefore] waived the right to have no comment thereafter made on his failure to testify." *Id.* at 61. We soundly rejected this argument, stating:

> It seems clear that appellant was entitled to have selected a fair and impartial jury, and therefore would be entitled to inquire at that point, on voir dire, whether any panel member would be prejudiced by appellant's failure to testify, or whether they would follow an instruction of the court on the subject.

*Id.* Indeed, as *Cokes* noted, and as we have reaffirmed in numerous other cases, defendant was entitled to have a fair and impartial jury, and, conjunctively, had a "right to have no adverse presumption or inference drawn by the jury by his failure to testify." *Id.* at 61–62.[2]

■■■ These principles are directly applicable here. During voir dire, defense counsel was prevented from asking, "[i]s there anyone that would draw a negative inference from Mr. Clement not testifying[?]" This is the very type of question which *Cokes* and similar cases have held defense counsel is entitled to ask, for if a criminal defendant is to be able to effectively exercise his or her right not to be compelled to testify at trial, *see* U.S. Const. amend. V; Mo Const. art. 1, Section 19, then he or she must be able to inquire of the panel members whether they will draw an adverse inference if de-

---

**2.** *Accord, State v. Davenport,* 924 S.W.2d 6, 12–3 (Mo.App. E.D.1996) (court did not improperly limit defense counsel's right to ask panel about whether they would be prejudiced by defendant's failure to testify); *State*

*v. Ward,* 702 S.W.2d 545, 547 (Mo.App. W.D. 1985) (following *Cokes* ); *State v. Roark,* 784 S.W.2d 194 (Mo.App. W.D.1989) (recognizing rule).

fendant fails to testify. *Cokes,* 682 S.W.2d at 61–62.

Because this Court finds that the trial court erred in denying Defendant the right to question the members of the panel regarding whether they would draw an adverse inference if he failed to testify, we reverse and remand for a new trial.

Presiding Judge HAROLD L. LOWENSTEIN and Judge FOREST W. HANNA concur.