**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ronald D. HOHENSEE, Defendant–Appellant.**

**No. SD 30940.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 29, 2011.

the prosecutor impeached him with evidence of collateral matters.

Irene C. Karns of Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Ronald Hohensee (Defendant) was charged with committing the class C felony of stealing. *See* § 570.030 RSMo Cum. Supp. (2007).[1] A jury found Defendant guilty of that offense and recommended a sentence of one year in jail, which the trial court imposed. In Defendant's sole point relied on, he contends the trial court plainly erred by failing to declare a mistrial *sua sponte* after defense counsel stated during *voir dire* that "Defendant may or may not testify." We decline Defendant's invitation to engage in plain error review of a statement made by his own attorney. Accordingly, the judgment of the trial court is affirmed.

Defendant's point on appeal arises from the following colloquy among defense counsel, the prosecutor and the trial judge that took place near the beginning of defense counsel's *voir dire:*

[DEFENSE COUNSEL]: Well hopefully everybody is familiar with the 5th Amendment to the Constitution of the United States of America. The Right not to incriminate yourself. *During the trial the Defendant may or may not testify.*

[PROSECUTOR]: Objection, your Honor. May we approach?

THE COURT: You may.

(WHEREUPON, the attorneys approached the bench, and the following proceedings were held out of the hearing of the jury:)

[PROSECUTOR]: Yes sir, Rule 27.05 states the fact that he does or does not—

THE COURT: Sh, sh, sh.

[PROSECUTOR]: It says that it can't be referred to by either attorney. It[']s an unfair burden on the State if the Defense gets to ask questions regarding that right.

THE COURT: Right. There is an instruction that can be given at the end of the trial.

[PROSECUTOR]: Right.

[DEFENSE COUNSEL]: And I have prepared that instruction. And I have reviewed the case submitted by the Court and plan to just make sure they don't have any—they don't draw any inferences—

THE COURT: Okay.

[DEFENSE COUNSEL]: And it doesn't—but I haven't referred—plaintiff referring to them necessarily. I mean, I thought it was neutral by saying he may or may not.

THE COURT: All right.

[DEFENSE COUNSEL]: But I'll continue and—

---

**1.** Unless otherwise specified, all further references to statutes are to RSMo (2000). All references to rules are to Missouri Court Rules (2011).

THE COURT: All right. That objection then is sustained by the State. All right.

(THEREAFTER, further proceedings were held within the hearing of the jury:)

[DEFENSE COUNSEL]: You'll get the law being given through the jury instructions by the Judge. And the jury instructions tell you that you cannot draw an inference from the fact that the Defendant does not testify. Is there anyone here who will draw an inference from the fact that the Defendant does not testify?

(No response)

[DEFENSE COUNSEL]: And when I say inference, I mean good inference, or bad inference, no inference at all. You can't draw any inference from the fact that the Defendant does not testify.

Is anyone here of the opinion that is a bad law?

(No response)

[DEFENSE COUNSEL]: Okay. I see no hands. Does anyone here believe that the Defendant should testify?

(No response)

[DEFENSE COUNSEL]: I see no hands. I'm taking that to mean that no one here thinks that the Defendant has to testify. (No response)

(Emphasis added.)

From that point in the trial through the close of all of the evidence, no one mentioned Defendant's right not to testify again. Defendant did not testify. At Defendant's request, the trial court gave Instruction No. 7. This instruction, which mirrored MAI–CR 3d 308.14, stated:

> Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.

After Defendant was convicted of stealing, this appeal followed.

In Defendant's single point, he contends the trial court plainly erred by not declaring a mistrial *sua sponte* after defense counsel stated during *voir dire* that Defendant may or may not testify. Defendant argues that defense counsel's statement constituted an impermissible direct reference to Defendant's failure to testify in violation of the Fifth Amendment of the United States Constitution; Article I, § 19 of the Missouri Constitution; § 546.270; and Rule 27.05.

■ Whether to engage in plain error review rests in the discretion of an appellate court. Rule 30.20. Assuming *arguendo* that defense counsel's statement was erroneous, plain error review is not warranted because Defendant may not take advantage of invited error as a basis for overturning the judgment in this case. *See, e.g., State v. Pickens,* 332 S.W.3d 303, 319 n. 14 (Mo.App.2011); *State v. Hitchcock,* 329 S.W.3d 741, 748 (Mo.App.2011); *State v. Hoy,* 219 S.W.3d 796, 811 (Mo.App.2007); *State v. Wilson,* 195 S.W.3d 23, 25 (Mo.App.2006); *State v. Price,* 165 S.W.3d 568, 575–76 (Mo.App.2005); *State v. Campbell,* 122 S.W.3d 736, 741–42 (Mo.App.2004); *State v. Williams,* 118 S.W.3d 308, 312–13 (Mo.App.2003); *State v. Goudeau,* 85 S.W.3d 126, 128–30 (Mo.App.2002); § 545.030.1(16) (stating that no criminal trial should be affected in any manner by error committed at the instance of the defendant). Defendant has cited no case, and we are aware of none, granting plain error review based upon an allegedly improper *voir dire* comment by defense counsel.

■ Defendant argues that the foregoing general rule should not be applied because § 546.270 and Rule 27.05 prohibit "any attorney in the case" from comment-

ing on the defendant's failure to testify. As applied to the facts before us, that argument has no merit. Based upon our review of the record, it is evident that defense counsel made this neutral, prefatory remark as part of his *voir dire* examination to determine whether members of the venire could follow MAI–CR 3d 308.14, if that instruction were given. In that regard, the following quotation from *State v. Cokes*, 682 S.W.2d 59 (Mo.App.1984), is instructive:

> It seems clear that appellant was entitled to have selected a fair and impartial jury, and therefore would be entitled to inquire at that point, on voir dire, whether any panel member would be prejudiced by appellant's failure to testify, or whether they would follow an instruction of the court on the subject. To have empanelled a fair and impartial jury was appellant's first right, or conjunctively to that was his right to have no adverse presumption or inference drawn by the jury by his failure to testify. He was entitled to both rights so as to reduce a possible jury reaction to lessen the state's burden to prove his guilt beyond a reasonable doubt because of his failure to testify.

*Id.* at 61–62. Several reported decisions record instances in which similar *voir dire* questions resulted in venirepersons being stricken for cause after stating that they would not be able to follow such an instruction. *See, e.g., State v. Garrison*, 292 S.W.3d 555, 557–58 (Mo.App.2009); *State v. Chaddock*, 280 S.W.3d 164, 166–67 (Mo. App.2009). Permitting defense counsel to ask panel members in *voir dire* whether they will draw an adverse inference if the defendant fails to testify is essential in order for a defendant to effectively exercise his or her right not to be compelled to testify. *See State v. Clement*, 2 S.W.3d 156, 159–60 (Mo.App.1999). Whether to engage in such *voir dire* and how it should

be done are matters of trial strategy for defense counsel to decide. *See, e.g., State v. Wright*, 978 S.W.2d 495, 500 (Mo.App. 1998); *State v. Hamilton*, 871 S.W.2d 31, 33–34 (Mo.App.1993). Point denied.

The judgment of the trial court is affirmed.

SCOTT, J., and FRANCIS, P.J., concur.